**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOLENE SMITH,<br><br>   Plaintiff,<br><br>   v.<br><br>AMERICAN CORADIUS<br>INTERNATIONAL, LLC, *et al.*,<br><br>   Defendants. | NO. 3:19-CV-0546<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before me is the Motion to Dismiss (Doc. 10) filed by Defendants American Coradius International, LLC ("ACI") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants"). Plaintiff Jolene Smith ("Smith") alleges that a debt collection letter she received failed to clearly advise her of her rights in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Because Smith states a claim that the Validation Notice did not adequately inform her of her right to dispute the debt under § 1692g(a) and that section of the FDCPA is not unconstitutionally void for vagueness, Defendants' motion to dismiss will be denied.

**I. Background**

The facts as alleged in the Amended Complaint are as follows:

In or about December 2017, ACI was attempting to collect an account that Smith allegedly owed to LVNV. (*See* Doc. 9, ¶ 19). Specifically, on December 12, 2017, ACI caused to be mailed a letter (the "Letter") which contained a provision regarding Smith's rights to dispute the validity of the debt (the "Validation Notice"), stating, *inter alia*:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of

> the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id*. at Ex. "A").

Smith alleges that the Letter violated the FDCPA because it did not effectively convey to her the information required by 15 U.S.C. § 1692g, namely, that she had to dispute the debt in writing. (*See id*. at ¶¶ 34-35).

Based on the foregoing, Smith filed her Complaint against Defendants in the Court of Common Pleas of Wayne County, Pennsylvania. (*See* Doc. 1, Ex. "A"). Defendants removed the action to this Court on March 27, 2019, (*see* Doc. 1, *generally*), and filed a motion to dismiss five days later. (*See* Doc. 4, *generally*). Smith subsequently filed an Amended Complaint, (*see* Doc. 9, *generally*), which Defendants have again moved to dismiss. (*See* Doc. 10, *generally*). Defendants' motion to dismiss has now been fully briefed, so it is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2)

identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

"Congress enacted the FDCPA in 1977 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 301-02 (3d Cir. 2014) (quoting 15 U.S.C. § 1962(e)). Because it is "'remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes.'" *Id*. (quoting *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013)).

To state an FDCPA claim, Smith must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Id*. at 303 (citing *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005)). The present motion disputes only whether Smith has adequately pled the last of these elements.

At issue in this case is § 1962g of the FDCPA. *See* 15 U.S.C. § 1692g. Subsection (a) of § 1692g provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id.* at § 1692g(a). As described by the Third Circuit,

> Paragraphs 3 through 5 of section 1692g(a) contain the validation notice - the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so. The Act further mandates the debt collector to cease all collection efforts if the consumer provides written notice that he or she disputes the debt or requests the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer.

*Wilson v. Quadramed Corp.*, 225 F.3d 350, 353-54 (3d Cir. 2000). The *Wilson* court further explained that "in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." *Id.* at 35. The statutorily required validation notice is "to be interpreted from the perspective of the least sophisticated debtor." *Id.* (citations and quotations omitted). Although subsection (a)(3), unlike subsections (a)(4) and (a)(5), does not contain explicit language requiring the debtor dispute the debt in writing, the Third Circuit has held that "given the structure of section 1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing." *Graziano v.*

*Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).[1]

Section 1692g(b) sets out the process for "[d]isputed debts" as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . .

15 U.S.C. § 1692g(b).

Smith alleges in the matter *sub judice* that Defendants' Validation Notice violates the FDCPA because it does not convey all the information required by § 1692g and it implies that a dispute can be lodged orally. (*See* Doc. 9, ¶¶ 32-35). Pointing to the first sentence of the Validation Notice, (*see id.* at Ex. "A", ("Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.")), Smith insists that this language "does not specify whether a dispute must be in writing or if the dispute can be made orally." (*Id.* at ¶ 28). So when read in context of the Validation Notice as a whole, Smith maintains that the least sophisticated debtor would interpret the writing to authorize oral disputes. (*See id.* at ¶¶ 27-31). Defendants disagree, arguing that the Validation Notice tracks the language of the statute, so the Letter "as a matter of law effectively conveyed the validation notice, designed by Congress, to the least sophisticated consumer." (Doc. 10-1, 5-13). Alternatively, Defendants argue that the statute is unconstitutionally void for vagueness. (*See id.* at 13-15).

---

[1] Other Courts of Appeals have disagreed with the Third Circuit's reading of subsection (a)(3) and held that it does not require a dispute to be in writing. *See, e.g.*, *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 490 (4th Cir. 2014); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005).

Several districts courts in this Circuit have recently addressed the argument presented by Smith here in the context of the same - or a virtually identical - Validation Notice. *Compare Ulrich v. Diversified Consultants Int'l*, No. 18-15794, 2019 WL 2417628 (D.N.J. June 10, 2019) (Wolfson, J.) (finding validation notice would not confuse the least sophisticated debtor and granting motion to dismiss), *Belinski v. Americollect, Inc.*, No. 19-4401, 2019 WL 2315042 (D.N.J. May 31, 2019) (McNulty, J.) (same), *and Rodriguez v. Northland Grp.,* LLC, No. 18-7692, 2018 WL 6567705 (D.N.J. Dec. 13, 2018) (Wolfson, J.) (same), *with Joseph v. Rickart Collection Sys., Inc.*, No. 19-5413, 2019 WL 2281581 (D.N.J. May 29, 2019) (Thompson, J.) (finding validation notice did not effectively convey a consumer's rights and denying motion to dismiss), *Henry v. Radius Global Solutions, LLC*, 357 F. Supp. 3d 446 (E.D. Pa. Jan. 18, 2019) (Kearney, J.) (same), *Durnell v. Stoneleigh Recovery Assocs., LLC*, No. 18-2335, 2019 WL 121197 (E.D. Pa. Jan. 7, 2019) (Brody, J.) (same, but denying motion for summary judgment), *Guzman v. HOVG, LLC*, 340 F. Supp. 3d 526 (E.D. Pa. Oct. 31, 2018) (Beetlestone, J.) (same, but denying motion to dismiss), *and Cadillo v. Stoneleigh Recovery Assocs.*, LLC, No. 17-7472, 2017 WL 6550486 (D.N.J. Dec. 21, 2017) (Wigenton, J.) (same).[2]

I, like the judges in *Joseph*, *Henry*, *Guzman*, and *Cadillo*, believe that Smith states a plausible claim that the Validation Notice violated the FDCPA. Judge Kearney provided a succinct explanation as to this conclusion in *Henry*, so I repeat it here:

> Under the well-established law in our circuit, to be effective under Section 1692g(a)(3), a dispute of a debt must be in writing. Radius's validation notice fails to inform the reader of this requirement. We acknowledge Radius tracks the statute in its (a)(3) notice but merely tracking the statutory language is insufficient to comply with Section 1692g - the

---

[2] Defendants also cite several other decisions with the same or similar language to the Validation Notice at issue here, (*see* Doc. 11-1, 6-7), but those cases raised different legal theories than the one presented by Smith in this case. As such, those decisions are not instructive to the matter *sub judice*.

> validation notice "must also be conveyed effectively to the debtor." In the second sentence containing the (a)(4) notice, Radius informed Ms. Henry what information she can obtain "if" she disputes the debt in writing: "If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." The "least sophisticated debtor" could reasonably interpret this language to mean she can effectively dispute the debt orally, despite our Court of Appeals in *Graziano* foreclosing this option. Radius argues the use of "if" implies a condition rather than an option. While this may be true, we cannot rule out the possibility the "least sophisticated debtor" might interpret "if" to imply two options - she can dispute the debt either orally or in writing. A validation notice violates the Act when the "least sophisticated debtor" could read the notice "to have two or more different meanings, one of which is inaccurate."

*Henry*, 357 F. Supp. 3d at 457-58 (footnotes and emphasis omitted).

Judge Slomsky's reasoning in *Grady v. Portfolio Recovery Associates, LLC*, No. 18-2393, 2019 WL 2226015, at *6-7 (E.D. Pa. May 23, 2019) on a motion for summary judgment is equally on-point as well:

> [T]he Court finds that the Validation Notice is flawed for the same reasons. The primary flaw is that the first sentence of the Validation Notice does not explicitly inform Plaintiff that she must raise all disputes regarding her debt with PRA in writing. Defendant argues this is a non-issue because the first sentence of the Validation Notice tracks, verbatim, the statutory language of § 1692g(a)(3). (Doc. No. 7-2.) Because § 1692g(a)(3) does not include the words "in writing," Defendant argues that it cannot be held liable for omitting those words from the first sentence of its Validation Notice. (*Id.*) While Defendant is correct that its Validation Notice tracks the language of § 1692g(a)(3), it is well-established that mirroring statutory language is not enough to ensure FDCPA compliance. The problem with the first sentence of Defendant's Validation Notice is that, despite mirroring the statue, it leaves open the possibility that a consumer can notify PRA of a dispute verbally, a method expressly prohibited by the Third Circuit Court of Appeals. *Graziano*, 950 F.2d at 112.
>
> The Validation Notice is also flawed by Defendant's use of the word "if" in the second and third sentences. As previously explained, the first sentence of the Validation Notice, read in conjunction with the second and third "if" sentences, can lead the least sophisticated debtor to the reasonable yet erroneous interpretation that disputes can be made to PRA either in writing or verbally, but that a written

> dispute is required only if the debtor wants verification of their debt, a copy of the judgment, or information from PRA regarding the name/address of their original creditor. This potential interpretation is the reason why the Court cannot say that as a matter of law, the Validation Notice effectively conveys a consumer's rights to the least sophisticated debtor.
>
> Moreover, although other district courts have held that a validation notice like the one in this case complies with the FDCPA, this Court agrees with the court in *Cadillo* that "if federal judges 'have divided on the best reading' of this validation notice, "then surely the least sophisticated debtor would be similarly confused." 2019 WL 1091391, at *5 (quoting *Guzman v. HOVG, LLC*, 340 F. Supp. 3d 526, 532 (E.D. Pa. 2018)).

*Id*.

For these reasons, Defendants' motion to dismiss will be denied.

In addition, and as mentioned before, Defendants argue in the alternative that § 1692g(a) is unconstitutionally void for vagueness.[3] This same argument was addressed and rejected by *Henry*, as well as the United States District for the District of New Jersey in *Vedernikov v. Mercantile Adjustment Bureau LLC*, No. 18-17364, 2019 WL 1857119, at *4 (D.N.J. Apr. 25, 2019) (Thompson, J.). I agree with *Henry* and *Vedernikov* that this section of the FDCPA is not void for vagueness.

"The void for vagueness doctrine arose as an aspect of Fourteenth Amendment due process in the context of criminal statutes because it was thought unfair to punish persons for conduct which they had no notice could subject them to criminal punishment." *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1135 (3d Cir. 1992). It has, though, been extended to civil cases. *See id*. (citations omitted). " Lesser degrees of specificity are required to overcome a vagueness challenge in the civil context than in the criminal context, however, because the consequences in the criminal context are more severe." *Id*. (citing *Village of Hoffman Estates v. The Flipside, Hoffman Estates,*

---

[3] Pursuant to 28 U.S.C. § 2403, the United States filed an Acknowledgment of Defendants' Notice of Constitutional Challenge. (*See* Doc. 13, *generally*). The United States took the position that "intervention at this stage would be premature." (*Id*. at 1).

*Inc.*, 455 U.S. 489, 498-99, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982)).  The doctrine is rooted in concepts of fairness, and requires the statute "only to give 'fair warning' of prohibited conduct." *Id*. (quoting *Colten v. Kentucky*, 407 U.S. 104, 110, 92 S. Ct. 1953, 32 L. Ed. 2d 584 (1972)).

Economic statutes, like the FDCPA, are "'subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action.'" *Henry*, 357 F. Supp. 3d at 459 (quoting *Flipside*, 455 U.S. at 498, 102 S. Ct. 1186).

Defendants' motion will not be granted on vagueness grounds.  Defendants do not cite any authority finding § 1692g(a) unconstitutionally vague, and two decisions from courts in this Circuit have rejected this exact argument.  Defendants also had "fair warning that § 1692(g) requires it to inform consumers that they must dispute debts in writing." *Vedernikov*, 2019 WL1857119, at *4.  "Debt collectors know under the well-established law in our circuit a dispute under Section 1692g(a), to be effective, must be in writing.  Debt collectors are sophisticated parties involved in a business requiring them to understand the law in the jurisdiction where they conduct such business." *Henry*, 357 F. Supp. 3d at 460.  Finally, "a conflict in interpretation among courts does not amount to unconstitutional vagueness." *Vedernikov*, 2019 WL1857119, at *4 (citing *United States v. Kernell*, 667 F.3d 746, 754 (6th Cir. 2012); *Adams Outdoor Adver. Ltd. P'ship v. Pa. Dep't of Transp.*, 307 F. Supp. 3d 380, 392 (E.D. Pa. 2018)); *Henry*, 357 F. Supp. 3d at 459.  Section 1692g(a) is not unconstitutionally void for vagueness.

## IV. Conclusion

For the above stated reasons, Defendants' motion to dismiss will be denied.

An appropriate order follows.

| | |
|---|---|
| June 17, 2019<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |